# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MCCREA, | CASE NO. 1:09-cv-00850 DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| DERRAL G. ADAMS, et al., | (Doc. 11) |
| Defendants. | THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g) |

**Order Following Screening of First Amended Complaint**

**I.    Screening Requirement**

Plaintiff Terrence McCrea, a state prisoner proceeding pro se and in forma pauperis, filed this civil action on May 14, 2009.The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth

"sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949. On October 1, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed a First Amended Complaint on October 13, 2009.

## II.     Plaintiff's Claims

Plaintiff brings this action against Warden G. Adams and Sergeant A. V. Johnson. Plaintiff requests compensation for having to sleep on a concrete floor without a mattress. Plaintiff asserts that he was mistreated and was placed in unusual circumstances that caused him to endure mental injury for twenty-four days. Plaintiff alleges that Defendant Johnson acted disrespectfully and that Defendant Adams was aware of Plaintiff's circumstances and did nothing to address the problem.

As was previously explained to Plaintiff, the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff has not presented factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiff's allegation that he was deprived of a mattress for twenty-four days does not rise to the level of a constitutional violation. Further, there is no independent cause of action for violation of Title 15 regulations, Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D.Cal. Feb. 3, 2009).

**III.     Conclusion and Order**

Plaintiff's first amended complaint fails to state any federal claims upon which relief may be granted. Plaintiff was previously provided with the legal standards most applicable to his claims, but has been unable to cure the deficiencies identified. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Therefore, the Court ORDERS this action dismissed, with prejudice, for failure to state a claim. This dismissal shall count as a strike pursuant to 28 U.S.C. §1915(g)..

   IT IS SO ORDERED.

**Dated:     November 30, 2009**              **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE