# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE McCREA,<br><br>Plaintiff,<br><br>v.<br><br>ADAMS, et al.,<br><br>Defendants. | Case No. 1:09-cv-00850-SKO (PC)<br><br>**ORDER REOPENING ACTION**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS**<br><br>**(Docs. 11, 12, 13, 14)**<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>**CLERK OF COURT TO ASSIGN A DISTRICT JUDGE** |

**I.    BACKGROUND**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff consented to Magistrate Judge jurisdiction shortly after initiating this action. (Doc. 5.) On December 1, 2009, Plaintiff's First Amended Complaint was screened and the action was dismissed with prejudice for Plaintiff's failure to state a cognizable claim. (Docs. 12, 13.) The defendants had not appeared in this action when it was dismissed.

On December 5, 2017, Plaintiff filed a motion requesting the action be reopened in light of *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). For the reasons discussed below, this action is reopened and recommendation is made that the case be DISMISSED with prejudice.

## II. *WILLIAMS v. KING*

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all parties named in a civil case before a Magistrate Judge's jurisdiction vests for dispositive purposes. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Accordingly, a Magistrate Judge does not have jurisdiction to dismiss parties, claims, or a case based solely on the plaintiff's consent. *Id.* The defendants were not yet served when the First Amended Complaint was screened and, therefore, had neither appeared nor consented to Magistrate Judge jurisdiction. Because the named defendants had not consented, the screening and dismissal of this action is invalid under *Williams*. The undersigned nevertheless concurs with the analysis in the dismissal order and recommends that this action be DISMISSED with prejudice.

## III. FINDINGS

### A. Screening of the First Amended Complaint

#### 1. Screening Requirement

Plaintiff Terrence McCrea, a state prisoner proceeding pro se and in forma pauperis, filed this civil action on May14, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id.* at 1949. On October 1, 2009,

the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed a First Amended Complaint on October 13, 2009.

### 2. Plaintiff's Claims

Plaintiff brings this action against Warden G. Adams and Sergeant A. V. Johnson. Plaintiff requests compensation for having to sleep on a concrete floor without a mattress. Plaintiff asserts he was mistreated and was placed in unusual circumstances that caused him to endure mental injury for twenty-four days. Plaintiff alleges that Defendant Johnson acted disrespectfully, and that Defendant Adams was aware of Plaintiff's circumstances and did nothing to address the problem.

As explained in the prior screening orders, the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted); *see e.g. Gee v. Estes,* 829 F.2d 1005, 1006 (10th Cir.1987) (Eighth Amendment claim established by allegations that prisoner was placed naked in a lice-infested cell with no blankets in below forty-degree temperatures, denied food or served dirty food, and left with his head in excrement while having a seizure); *McCray v. Burrell,* 516 F.2d 357, 366-69 (4th Cir.1974) (prisoner placed naked in bare, concrete, "mental observation" cell with excrement-encrusted pit toilet for 48 hours after he allegedly set fire to his cell; prisoner had no bedding, sink, washing facilities, or personal hygiene items, and he was not seen by a doctor until after he was released), *cert. denied,* 426 U.S. 471 (1976); *Gates v. Collier,* 501 F.2d 1291, 1302 (5th Cir.1974) (punishment of prisoner by confinement in small, dirty cell without light, hygienic materials, adequate food, heat; prisoner also was punished through administration of milk of magnesia); *LaReau v. MacDougall,* 473 F.2d 974, 978 (2d Cir.1972) (prisoner confined for five days in strip cell with only a pit toilet and without light, a sink, or other washing facilities), *cert. denied,* 414 U.S. 878 (1973).

/ / /

To state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff has not presented factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiff's allegation that he was deprived of a mattress for twenty-four days does not rise to the level of a constitutional violation. Such temporarily unpleasant conditions of confinement do not rise to the level of constitutional violations. *See Anderson v. County of Kern*, 45 F.3d 1310 (9th Cir. 1995) *ref Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) (*abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered). Further, there is no independent cause of action for violation of Title 15 regulations, *Davis v. Kissinger*, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D.Cal. Feb. 3, 2009).

**IV.     RECOMMENDATION**

The First Amended Complaint fails to state a cognizable claim against any of the named Defendants. Plaintiff was previously provided with the legal standards most applicable to his claims, but has been unable to cure the deficiencies identified. Amendment thus would be futile and need not be granted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Plaintiff's motion to reopen the action, filed on December 1, 2017, (Doc. 14), is granted. It is **HEREBY RECOMMENDED** that this action be dismissed with prejudice. The Clerk of the Court is directed to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these Findings and Recommendations,

4

the parties may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 23, 2018**                    /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE