# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE McCREA,<br><br>Plaintiff,<br><br>v.<br><br>ADAMS, et al.,<br><br>Defendants. | Case No. 1:09-cv-00850-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO VACATE DISMISSSAL AND JUDGMENT**<br><br>**(Docs. 14, 17)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## INTRODUCTION

Plaintiff, Terrence McCrea, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint in this action on May 14, 2009. (Doc. 1.) Shortly thereafter, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 5.) After having been granted leave to amend, Plaintiff's failed to state a cognizable claim under § 1983, and this action was dismissed and closed on December 1, 2009. (Docs. 12, 13.) Plaintiff did not pursue an appeal. Instead, eight years later, Plaintiff filed a motion requesting the dismissal order be vacated in light of the Ninth Circuit's decision in *Williams v. King*, 875 F.3d 500 (9th Cir. 2017).[1]  (Doc. 14.)

///

---

[1] In *Williams*, the Ninth Circuit held that 28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and all defendants named in the complaint, regardless of whether those defendants had appeared in the action, before jurisdiction may vest in a magistrate judge. *Id*. at 501.

1

On January 24, 2018, findings and recommendations issued to: (1) grant Plaintiff's motion that this action be reopened in light of the *Williams* decision; and (2) dismiss the action based on Plaintiff's failure to state a cognizable claim. (Doc. 15.) The District Judge declined to adopt the findings and recommendations, holding instead that Plaintiff's allegations stated a cognizable Eighth Amendment claim. (Doc. 17.) The District Judge, however, twice noted Plaintiff's eight-year delay, and his failure to appeal from the dismissal of his complaint in 2009. District Judge Drozd noted that

> [i]nstead, plaintiff moved to vacate the dismissal order eight years thereafter and approximately three and one-half months after *Williams* was decided. Whether his motion was timely and whether this action should be reopened at this late date, even though no appeal was pursued, is an issue not addressed by plaintiff or in the pending findings and recommendations. The court expresses no opinion as to that question.

(Doc. 17, 4:16-21.)

Upon declining to adopt the January 24, 2018 findings and recommendations, the District Judge referred Plaintiff's motion to vacate the December 1, 2009 order of dismissal "back to the assigned magistrate judge for further proceedings consistent with this order." (*Id.*, 4:23-5:3.) As such, these findings and recommendations consider the timeliness of Plaintiff's motion to vacate the 2009 dismissal order, which is construed as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons discussed below, it is recommended that Plaintiff's motion be denied.

## **FINDINGS**

### A. **Standards for Reconsideration**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) [satisfaction of judgment], or (6) any other reason

justifying relief from the operation of judgment."[2]  Motions under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

### 1. Plaintiff's Motion for Reconsideration Under Rule 60(b)(1) is Untimely

Plaintiff's motion under Rule 60(b)(1) is untimely as it was filed more than a year after the 2009 dismissal order and entry of judgment.  If Plaintiff believed the 2009 dismissal order issued based on his "mistake, inadvertence, surprise, or excusable neglect," Plaintiff could and should have filed either a motion for reconsideration under Rule 60, or appealed to the Ninth Circuit at that time.  Plaintiff did neither and does not provide a meritorious explanation for his failure to do so.  Given the lapse of eight years, Plaintiff's motion under Rule 60(b)(1) is

---

[2] Plaintiff does not request relief based on discovery of new evidence under Rule 60(b)(2), fraud or misconduct by an opposing party under Rule 60(b)(3), or satisfaction of judgment under Rule 60(b)(5).  Thus, the motion addresses Rule 60(b)(1), (4), and (6).

3

untimely.³

### 2. The 2009 Dismissal Order is Not Void Under Rule 60(b)(4) and No Other Reason Justifies Vacating the 2009 Dismissal Order and Operation of Judgment Under Rule 60(b)(6).

Plaintiff's only stated reason for not challenging the 2009 dismissal when it issued is that he was "crippled from pursuing the claim on appeal since the dismissal was with prejudice. . . ." (Doc. 14.) Plaintiff cites no legal authority for this contention and the court finds none. Indeed, nothing prevented Plaintiff from appealing the 2009 dismissal as a final decision under 28 U.S.C. §§ 1291, 1292.

The 2009 dismissal ended the litigation on the merits and left nothing for the court to do but execute the contemporaneously entered judgment. *See Zucker v. Maxicare Health Plans Inc.*, 14 F.3d 477, 481 (9th Cir. 1994) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945). An appeal from a judgement by a magistrate judge in a civil case is taken in the same manner as an appeal from any other district court judgment. Fed. R. App. Pro. 3(a)(3). Thus, the 2009 dismissal order was appealable, regardless of whether it issued with or without prejudice.

Plaintiff fares no better when considering his motion under Rule 60(b)(4) as an attack on the 2009 dismissal order and judgment as void. "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (C.A.2 1986) and citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (C.A.1 1990) ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)). As set forth below, under this standard, before the *Williams'* decision, a basis existed

---

³ The Court can envision no scenario in which Plaintiff's eight-year delay in challenging the 2009 dismissal order and judgment might be construed as having been "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). However, out of an abundance of caution, the court will consider other potential arguments Plaintiff may have intended to advance as justification for relief under Rule 60(b)(6).

4

for magistrate judges to exercise jurisdiction based on solely a plaintiff's consent at screening.

First, before *Williams*, the Ninth Circuit had not considered whether the consent of unserved defendants was necessary for a magistrate judge to exercise jurisdiction. In 1995, however, the Fifth Circuit held that a failure of unserved defendants to consent to magistrate jurisdiction did not affect the magistrate judge's entry of judgment where the plaintiff had consented. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter."). Other circuits had issued conflicting decisions. *See e.g. Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 474-75 (7th Cir. 2017) (discussing *Haines v. Washington*, 131 F.3d 1248 (7th Cir. 1997) and *Geaney v. Carlson*, 776 F.2d 140, 142 (7th Cir. 1985) and overruling *Haines*). Thus, although the law was at best unclear, as of 2009, at least one circuit had expressly found that magistrate judges had jurisdiction without the consent of unserved defendants.[4]

Second, lower courts within the Ninth Circuit followed *Neals* and permitted magistrate judges to enter judgment in the absence of a consent from an unserved defendant. *E.g. Friend v. National Postal Mail Handlers Union*, 2017 U.S. Dist. LEXIS 184644, *4 n.2 (N.D. Cal. Nov. 7, 2017); *Alfano v. Farley*, 2014 U.S. Dist. LEXIS 57872, *4-*6 (D. Or. Apr. 25, 2014); *Lester v. J.P. Morgan Chase Bank*, 926 F.Supp.2d 1081, 1085 n.2 (N.D. Cal. 2013); *Gaddy v. McDonald*, 2011 U.S. Dist. LEXIS 129755, *3 n.2 (C.D. Cal. Nov. 9, 2011); *Trujillo v. Tally*, 2007 U.S. Dist. LEXIS 8826, *2 (D. Idaho Nov. 30, 2007). The Ninth Circuit affirmed several dispositive rulings by magistrate judges in this court solely on a plaintiff's consent at screening. *See e.g. Trujillo v. Ruiz, et al.*, 688 F. App'x 435, 436 (9th Cir. 2017); *Trujillo v. Sherman*, 632 F. App'x 426 (9th Cir. 2016); *Cruz v. Gomez, et al.*, E.D. Cal. No. 1:15-cv-00859. At least one such instance occurred approximately one month before the *Williams* decision issued. *Compare Trujillo v.*

---

[4] While *Williams* expressly rejected *Neals*, the fact remains that *Neals* is a published circuit court of appeals opinion that previously supported the actions of the magistrate judges. Only after *Williams* can it be said that reliance on *Neals* by courts within the Ninth Circuit is improper.

*Gomez*, 698 F. App'x 368 (9th Cir. 2017) (decision filed October 3, 2017) with *Williams* (decision filed November 9, 2017). Until the decision in *Williams*, dismissals by magistrate judges were common within the Ninth Circuit and were routinely affirmed by the Ninth Circuit—despite lack of consent from unserved defendants. This provided an arguable basis for the magistrate judge to exercise jurisdiction when the 2009 dismissal issued and judgment was entered in this case.

Further, "[a]n error in interpreting a statutory grant of jurisdiction is not . . . equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity." *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984) (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376-77 (1940). The 2009 dismissal order became final since Plaintiff did not seek reconsideration or appeal when it issued. *See Chicot*, at 375-77 ((holding that a decision errantly entertained under jurisdiction conferred by statute that was subsequently declared invalid, could "not be assailed collaterally" and holding that parties who had the opportunity to raise the question of invalidity of jurisdiction are bound by rulings thereunder because they failed to raise it) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876))); *Case v. Beauregard*, 101 U.S. 688, 692 (1879); *Baltimore Steamship Co. v. Phillips*, 274 U.S. 316, 319, 325 (1927); *Grubb v. Public Utilities Commission*, 281 U.S. 470, 479 (1930))).

Based on the foregoing, the previous magistrate judge did not lack an arguable basis for jurisdiction when the 2009 dismissal order issued and judgment was entered. Therefore, any form of relief under Rule 60(b)(4), based on a characterization of the 2009 dismissal order as void, would be improper. This comports with findings reached by the District Judge assigned to this action as well as another District Judge in this Court. *See Bontemps v. Hicks*, Case No. 1:16-cv-01854-DAD-EPG (PC), 2018 WL 1905648, (E.D. Cal. Apr. 23, 2018) (Findings and recommendations that dismissals at screening by magistrate judges based on solely plaintiff's consent not void), adopted in full 2018 WL 5291963 (E.D. Cal. Oct. 23, 2018) (Findings and recommendations adopted in full without comment); *Hoffman v. Pulido,* Case No. 1:18-cv-00209-AWI-SKO (PC), 2018 WL 1335594 (E.D. Cal. Mar. 15, 2018) (Dismissal at screening by magistrate judge based solely on plaintiff's consent valid for *in forma pauperis* status purposes

6

under 28 U.S.C. Section 1915(g).)  Plaintiff presents no other reason to justify relief from the 2009 dismissal order under Rule 60(b)(6) and the Court finds none.  If Plaintiff disagreed with the 2009 dismissal, he could and should have filed a motion for reconsideration or appeal at that time.  Because Plaintiff could have raised his objections to the 2009 dismissal when it issued, he may not now attack it. *Marlyn Nutraceuticals*, 571 F.3d at 880.

## **CONCLUSION & RECOMMENDATION**

Plaintiff's motion is untimely as it was filed eight years after the 2009 dismissal order issued and judgment was entered, and no other basis exists to justify relieving Plaintiff from the operation of the judgment.

Accordingly, it is **HEREBY RECOMMENDED** that Plaintiff's motion to vacate the 2009 dismissal order and judgment, filed on December 1, 2017, be denied and this action be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 14, 2018**               /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE